PER CURIAM.
We affirm the appellant’s judgment for attempted first degree murder committed on April 20,1985, and the aspect of the sentencing order that revokes his probation. We remand, however, for resentencing, because the trial court departed beyond the one-cell bump for the violation of probation when it imposed forty years in prison in 1995.
Based on the record before us, we are unaware of any other substantive offenses for which the appellant was being sentenced in 1995. The attempted first degree murder occurred before the effective date of the permitted ranges, July 1, 1988. See Watts v. State, 580 So.2d 899 (Fla. 2d DCA 1991). Accordingly, on remand, the state must prepare a corrected scoresheet reflecting the appropriate recommended range for the point total. We note that somehow the point total on the scoresheet prepared in 1995 is lower than the total on the scoresheet prepared in 1985. The trial court may again impose a one-cell bump for the violation of probation but must resentence the appellant no higher than the recommended range of the next cell.
Judgment and revocation of probation affirmed; sentence reversed and remanded for resentencing.
DANAHY, AC.J., and PATTERSON and LAZZARA, JJ., concur.